IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 3:21-CR-834-SAL |
| v. | |
| BALCAZAR NATURE HARVESTING | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 12th day of September 2022, between the United States of America, as represented by United States Attorney ADAIR F. BOROUGHS, Assistant United States Attorneys Elliott B. Daniels and Carrie Fisher Sherard; the Defendant, Balcazar Nature Harvesting, and Defendant's attorney, William C. Lewis.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 5 of the Indictment now pending, which charges fraud in foreign labor contracting and aiding/abetting in violation of Title 18, United States Code Sections 1351 and 2.

In order to sustain its burden of proof, the Government is required to prove the following:

Count Five – Fraud in Foreign Labor Contracting
(18 U.S.C. Sections 1351, 2)

1. The defendant recruited, solicited, or hired a person outside of the United States or caused a person to recruit, solicitor or hire a person outside of the United States,

2. By means of materially false or fraudulent pretenses, representations or promises regarding that employment,

3. Acted knowingly with the intent to defraud,

4. And did aid and abet others in doing so.

Maximum Penalties:

Imprisonment for up to 5 years
Supervised release of 3 years
Fine of $250,000
Special Assessment of $400

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m), and 2259(b)(2). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A. Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

    B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by scheme or pattern of criminal activity, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution.

        The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

    C.    <u>Fines</u>: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

    D.    <u>Special Assessment for Trafficking Victims' Fund</u>: The Defendant also understands that unless the Sentencing Court finds the Defendant to be indigent, an additional mandatory special assessment of $5,000 will be imposed, pursuant to 18 U.S.C. §§ 3013 and 3014. This assessment is due after all other fines, orders of restitution, and any other victim-compensation obligation arising out of the criminal conviction have been paid.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Commission Guidelines.

4. The Defendant agrees to waive any and all motions, defenses, probable cause determinations, and objections which the Defendant could assert to the Information or Indictment as described in described in Federal Rule of Criminal Procedure 12(b)(3).

5. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw plea of guilty to the offense(s) enumerated herein.

## Forfeiture

6. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the Defendant agrees to voluntarily surrender, and not contest the forfeiture of property identified in the Indictment, and the Bill of Particulars filed on March 2, 2022. The assets described by this paragraph include any interest the Defendant has in the following property seized during the execution of search and seizure warrants in this case from the locations listed below:

Firearms:
1. Sig Sauer P365 pistol (S/N 66A282684) with magazine (Balcazar Residence)
2. Glock 19x pistol (S/N BTEF248) with magazines (Balcazar Residence)
3. Keltec pistol (S/N WWZD49) with magazines (Balcazar Residence)
4. Springfield 1911 pistol (S/N EMP68400) with magazines (Balcazar Residence)
5. Springfield pistol (S/N NM652630) with magazine (Balcazar Residence)
6. Rossi rifle (S/N 7CA261440P) (Balcazar Residence)
7. Garaysar rifle (S/N 21T-010784) (Balcazar Residence)
8. Ruger AR 556 rifle (S/N 85843606) (Balcazar Residence)
9. Anderson AM 15 rifle (S/N: 20012552) (Balcazar Residence)
10. GSG 552 rifle (S/N A460456) (Balcazar Residence)
11. Savage Arms 111 rifle (S/N J962937) (Balcazar Residence)
12. New England Firearms rifle (S/N NP345549) (Balcazar Residence)
13. Henry Repeating (Gold) rifle (S/N GB649425) (Balcazar Residence)
14. Bolt (Brown) Rifle (S/N H832) (Balcazar Residence)
15. Ruger 380 pistol (S/N 372239209) (Balcazar Residence)
16. Springfield Armory XD-40 pistol (S/N US471334) w/ mag. (Balcazar Nature Harvesting)
17. Canik TP9 pistol (S/N T6472-21 28541) with magazine (Balcazar Nature Harvesting)
18. Kimber pistol (S/N K775942) with magazines (Balcazar Nature Harvesting)
19. Taurus GX4 pistol (S/N 1GA14394) with magazine (Camp Residence)
20. Mossberg shotgun (S/N AM023174) (Balcazar Residence)
21. Henry Repeating rifle (S/N WTT015665) (Balcazar Residence)
22. TC-Compass rifle (S/N THZ0784) (Balcazar Residence)
23. Hammerli rifle (S/N HA009904) (Balcazar Residence)

Ammunition:
Taurus pistol magazine (Balcazar Nature Harvesting)
9mm Ammunition (Balcazar Nature Harvesting)

Miscellaneous Ammunition (Balcazar Nature Harvesting)

Other Property:
Body Armor marked "Security" (Balcazar Residence)
Gold iPhone (Balcazar Residence)
Gold iPhone in clear case (Balcazar Residence)
White iPhone in clear Pelican case (Balcazar Residence)
iPhone in camouflage case (Balcazar Residence)
Samsung Galaxy, Serial No. 1238J50ADMHW (Balcazar Residence)
Cricket Cellphone (Balcazar Nature Harvesting)
Black Samsung Cellphone (Balcazar Nature Harvesting)
Apple iPhone 11 Pro Max, Serial No. FK1CT01NN70F (Elizabeth Balcazar)
HP Laptop, Serial No. 2CE2272TXF (Balcazar Nature Harvesting)
HP Laptop, Serial No. 5CD115405L (Balcazar Nature Harvesting)
White iPad, Serial No. F5RM1HCFDKPH (Balcazar Residence)
Acer Laptop, Serial No. WOI101304E433B73D27211 (Balcazar Residence)
HP Laptop, Serial No. 8CG912BG09 (Balcazar Residence)
Dell Laptop, Serial No. 23961295477 (Balcazar Residence)
Thumb Drive, pink and black in color (Balcazar Nature Harvesting)
Identity Cards, three suspected counterfeit (Balcazar Residence)
Mexican Passports (6 Victim Passports) (Balcazar Residence)
Mexican Passports (3 Victim Passports) (Balcazar Nature Harvesting)

Seized Funds:
$11,124 in United States currency (Balcazar Residence)
$15,681.27 from Truist Bank Account # -2855 (Balcazar Nature Harvesting)
$3,300.11 from Truist Bank Account # -3193 (Nava Harvesting)
$3,226.25 in United States currency (Balcazar Nature Harvesting)

With regard to each and every asset listed in the Indictment and Bill of Particulars or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

> The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

That the Defendant has or had a possessory interest or other legal interest in each item or property.

To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this Plea Agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which the Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and § 1B1.8 of the Unites States Sentencing Commission Guidelines will not protect from forfeiture, assets disclosed by the Defendant as part of cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

        Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

7. The Defendant also agrees to voluntarily transfer any and all right, title, interest and claim the Defendant has in the above-described property and/or assets to the United States of America.

## Merger and Other Provisions

8. The Defendant represents to the Court that it has met with its attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with and related all information of which the Defendant is aware pertaining to the case; that the Defendant and attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in own behalf, or to remain silent and have no adverse inferences drawn from silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

9. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea

Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

10. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

< *signature block to follow* >

9/12/22
Date

_____
**BALCAZAR NATURE HARVESTING,**
DEFENDANT

9/12/22
Date

_____
William C. Lewis, Defense Counsel


ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

9/13/2022
Date

_____
Elliott B. Daniels
Carrie Fisher Sherard
ASSISTANT UNITED STATES ATTORNEYS

## U.S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement</u>.

| ACCOUNT INFORMATION ||
|---|---|
| **CRIM. ACTION NO.:** | 3:21-CR-834-SAL |
| **DEFENDANT'S NAME:** | BALCAZAR NATURE HARVESTING |
| **PAY THIS AMOUNT:** | $400 |
| **PAYMENT DUE ON OR BEFORE:** | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**

OR HAND DELIVERED TO:
**Clerk, U.S. District Court** (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER* (***Do Not send cash***)

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*

## ATTACHMENT A

## CORPORATE RESOLUTION FOR
## BALCAZAR NATURE HARVESTING, LLC

Be it known that the Board of Directors and officers of the company of Balcazar Nature Harvesting LLC ("Balcazar Nature Harvesting") met on the _12th_ day of _September_ 2022 for the purpose of entering into a plea agreement with the United States of America, and,

**RESOLVED**, that Balcazar Nature Harvesting desires to enter into the plea agreement and subsequent guilty plea in the courts of the United States, and further,

**RESOLVED**, that Elizabeth Balcazar is a fit and proper person to enter into the plea agreement on behalf of Balcazar Nature Harvesting, and further,

**RESOLVED**, that Elizabeth Balcazar is hereby authorized to enter into a plea agreement on behalf of Balcazar Nature Harvesting and a subsequent guilty plea in the courts of the United States of America and to take such further action as appears necessary or desirable to carry into effect the intent and purpose of the foregoing resolutions.

**BE IT SO RESOLVED.**

_____
Elizabeth Balcazar
_Owner_____ (Position/Title)
BALCAZAR NATURE HARVESTING LLC